RECEIVED
DEC - 8 2023
STOEL RIVES LLP

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FOURTH JUDICIAL DISTRICT AT FAIRBANKS

ROBERT A. HENDRICK, )
        Complainant, )  Case No. 4FA-23-    CI
)
NORTHERN STAR (POGO), LLC, )
        Respondent. )

# COMPLAINT

COMES NOW, Robert A. Hendrick, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

## I. JURISDICTION

1.1. At all relevant times, plaintiff, Robert A. Hendrick, worked within the Fourth Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Northern Star (Pogo), LLC, has maintained significant business connections within the Fourth Judicial District, State of Alaska.

1.3. Venue properly rests within the Fourth Judicial District, State of Alaska.

## II. FACTS

2.1. Plaintiff, Robert A. Hendrick, was initiall hired by defendant, Northern Star Pogo, LLC on December 28, 2015, as a mine supervisor.

COMPLAINT: HENDRICK V. NORTHERN STAR POGO, LLC.    PAGE - 1 -

Ex. A, p. 1

2.2. During the duration of his employment with Northern Star Pogo, LLC, Mr. Hendrick satisfactorily performed all elements of his job, receiving no official reprimands or disciplines concerning his work performance.

2.3. Toward the final year, or year and half, of his employment, Mr. Hendrick noticed that significant work place discrimination was occurring favoring employees from Australia over United States born employees.

2.4. As the national origins discrimination at Northern Star Pogo increased in frequency and severity at the work site, Mr. Hendrick spoke of his observations and concerns to defendant's HR manager Beth Behner and other managers at Northern Star Pogo. Mr. Hendrick observed that defendant's management staff did not make any efforts to resolve the discriminatory atmosphere at Northern Star Pogo.

2.5. As a result of the discriminatory and racially hostile environment at Northern Star Pogo, Mr. Hendrick decided to resign from his employment with defendant. In fact, he voluntarily ended his employment with Northern Star Pogo on July 2020.

2.6. As part of his departure from Northern Star Pogo, Mr. Hendrick was asked by his former employer to fill out a exit interview document. When Mr. Hendrick filled out the exit interview document he specifically pointed out that one of the reasons that he was leaving the company was because of the national origin bias in the company and that as a United States born individual he felt he had been discriminated against by the company favoring Australian born employees.

2.7. After completing the exit interveiw, Mr. Hendrick sought alternative employment opportunities. As part of seeking new opportunities, Mr. Hendrick sought and received employment with North American Sales Company (NASCO). He was offered, and accepted, employment with NASCO on or about September 1, 2022. Mr. Hendrick's new job with NASCO would require that he work on Northern Star Pogo property, which he thought should not be a problem since he was

not fired.

2.8. On September 9, 2022, Mr. Hendrick was informed by NASCO management that the company was rescinding the job offer that it made to him, and which he has already accepted. NASCO stated that the reason that the job offer was being rescinded was because Northern Star Pogo told them that Mr. Hendrick could not be on its property because of the manner by which he had left its employment.

2.9. Mr. Hendrick is aware that at the time he left his employment with Northern Star Pogo, LLC, he was not under any disciplinary investigation concerning any employee misconduct and had never been sanctioned by the defendant for drug use or employee violence or other misconduct. The only issue that existed at the time of his resignation was the fact that he complained about the ongoing discriminatory and hostile work environment on the basis of race and national origins.

2.10. Mr. Hendrick was denied employment with NASCO and the sole reason was because of the retaliatory actions taken by Northern Star Pogo management who told NASCO that Mr. Hendrick could not work on its property. Later on the defendant stated that it changed it position stated to NASCO about Mr. Hendrick being banned from working on Northern Star Pogo property. The correction however still stated that NASCO should not hire Mr. Hendrick because he was not a good worker.

2.11. Mr. Hendrick states and affirms that he was denied employment with NASCO due to the direct and proximate conduct by Northern Star Pogo, LLC management staff who made false and harmful statements about him. It is clear that these false and harmful statements were made in retaliation for the protected speech conduct that Mr. Hendrick made concerning the racial and national origin based discrimination and hostile work environment at Northern Star Pogo.

## CAUSES OF ACTION

A. **RETALIATION/REPRISAL FOR ENGAGING IN PROTECTED ACTIVITY: 42 U.S.C. § 2000E-3.**

3.1. Plaintiff herewith refers to, and by that reference incorporates as though fully set forth herein, the facts in each and every paragraph set forth above, 2.1 through 2.11.

3.2. Plaintiff is informed and believes that Northern Star Pogo, LLC, managerial staff knew about the protected activities by Mr. Hendrick, wherein he complained frequently to management about the national origin and race related discrimination occurring at the Northern Star Pogo work environment.

3.3. Plaintiff is informed and believes that in addition to complaining during his employment about discriminatory conduct occurring at Norther Star Pogo, when he voluntarily resigned his position with the company he mentioned the discrimination in his exit interview documentation.

3.4. Plaintiff is informed and believes that based on the allegations that he made in his exit interview documents, Northern Star Pogo instituted an investigation into the discrimination that he alleged occurred at the work site. This investigation made the allegations by Mr. Hendrick widely known within the Northern Star Pogo company.

3.5. Plaintiff is informed and believes that when he engaged in protected activity by verbally complaining to Northern Star Pogo's HR staff and writing of discrimination in his exit interview documents, Mr. Hendrick engaged in protected activity as defined in 42 U.S.C. § 2000e-3(a).

3.6. Plaintiff believes that Northen Star Pogo engaged in retaliatory behavior toward him when its supervisory employee provided false and harmful information about Mr. Hendrick to his new employer North American Sales Company.

3.7. Plaintiff, Robert A. Hendrick believes that as a direct and proximate result of the retaliatory conduct by Northern Star Pogo's employee, he suffered the loss of job opportunity with North American Sales Company and also suffered extreme and severe mental anguish and emotional distress, including difficulty sleeping, humiliation, embarrassment, and other mental distress.

3.8. Plaintiff has also suffered, and will continue to suffer, a loss of earning potential, other job opportunity and benefits. He is therefore entitled to general and consequential damages to be proven at trial.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff, Robert A Hendrick, requests judgment against defendant Northern Star Pogo, LLC, as follows:

1. Full and complete payment of all damages permitted that related to plaintiff's claim against defendant, alleging retaliation for engaging in protected activity, which resulted in his termination from employment with North American Sales Company, including lost wages, future wages, punitive damages, attorney fees, prejudgment interest, and other permitted remedies, within the jurisdictional limit of this court, with the exact amount to be proven at trial.

2. Plaintiff Robert Hendrick further seeks such other relief as the court may deem just and proper based on the egregious nature of defendant's conduct.

Dated: August 15, 2023

*/s/ Isaac D. Zorea*
Isaac D. Zorea
ABA No. 0011090
Counsel for Robert A. Hendrick

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT FAIRBANKS

RECEIVED
DEC - 8 2023
STOEL RIVES LLP

Robert A. Hendrick )
)
           Plaintiff(s), )
vs. )
)
Northern Star Pogo, LLC )  CASE NO. 4FA-23-01987CI
)
)
           Defendant(s). )

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: Northern Star Pogo, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 101 Lacey Street, Fairbanks, AK 99701 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to plaintiff's attorney or plaintiff (if unrepresented) Isaac D Zorea_____, whose address is: PO Box 210434, Anchorage, AK 99517_____.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf, to inform the court. – OR – If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

This case has been assigned to Judge Welch

Date: August 16, 2023

CLERK OF COURT
By: _____ Deputy Clerk

*The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 FBKS (10/17)(cs)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55

Ex. A, p. 6